HALL, Judge pro tem.
The plaintiff, Cornelius Norman, filed this suit against his former employer and Its insurer for workmen’s compensation for total disability and for statutory penalties as a result of an accident on March 25, 1958, wherein plaintiff suffered a back injury while assisting in loading a 1000 pound pipe onto a truck.
Plaintiff prosecutes this appeal from a judgment of the trial court rejecting his demands.
The record discloses that plaintiff was paid compensation at the maximum rate for a period of ten and five-sevenths weeks from the date of the accident on March 25, 1958, through June 8, 1958, or a total of $375, at which time payments were discontinued.
The only issues before the trial court and here are the extent and duration of plaintiff’s disability.
On the date of the accident, plaintiff was sent by the insurer to the office of Drs. Lyons, Baker and Paine, who diagnosed his condition as a severe strain of the back, but also found that he was suffering from a prostatic infection with a urethral discharge. The record shows that this pros-tatic condition long antedated the accident and plaintiff makes no claim that the accident either caused or aggravated it. Plaintiff was treated for his back pains by Drs. Lyons, Baker and Paine from the date of the accident, March 25 through May 27, 1958, at which time he was discharged as cured of all trouble resulting from the accident and able to return to his regular work. Prior to his discharge Dr. Paine referred him to Dr. R. H. Soboloff, an orthopedic surgeon, who examined him on May 15, 1958, and reported that he found no evidence of any back strain or any other orthopedic condition and it was his opinion that plaintiff, from an orthopedic standpoint, was able to return to work. Dr. So-boloff noted, however, that plaintiff had an enlarged, extremely boggy, and very tender prostate gland and that rectal examination elicited severe pain referrable to the low back region. It was his opinion that plaintiff’s complaint of back pain was due to prostatitis. Dr. Paine was also of that opinion.
On June 19, 1958, plaintiff went to see Dr. R. C. Blamphin, a physician of his attar- *777 ney’s choice, still complaining of severe pain in the lumbosacral region and stated that the pain shot down the right leg to the toes. Dr. Blamphin made a diagnosis of lumbosacral sprain and a possible ruptured intervertebral disc, and made some suggestion to plaintiff that he see an orthopedic surgeon, but was unaware as to whether or not his suggestion was followed. Dr. Blamphin treated him for his back pain from June 19, 1958, to August 28, 1958, but gave no thought to his prostatic condition although he knew plaintiff had been referred to Charity Hospital for that condition.
While Dr. Blamphin’s treatment was continuing plaintiff was referred by his attorney to Dr. Blaise Salatich, an orthopedic surgeon, who examined him on August 15, 1958, and made a diagnosis of “tortion exertion type low back injury involving ligaments and musculo fascial structures of the lumbosacral region, subsiding, residual disfunction and low back pain”.
On September 24, 1958, the compensation insurer caused plaintiff to be examined by Dr. James L. LeNoir, an orthopedic surgeon, who reported that he could find no clinical evidence or X-ray evidence that anything was wrong with plaintiff’s back.
About one month later, on November 21, 1958, plaintiff returned to Dr. Blaise Sala-tich who commenced treating him and was still treating him on a daily basis at the time of the trial on April 15 and 16, 1959. The treatment consisted of deep physiotherapy over the lumbosacral region and analgesics for pain. He also caused plaintiff to be fitted with a lumbosacral corset. Dr. Salatich knew that plaintiff had received treatment at Charity Hospital for prostatitis and knew that that condition may produce back pains yet he never considered this condition but treated him exclusively for lumbosacral strain and after a long period of treatment finally concluded that plaintiff has a ruptured intervertebral disc. Dr. Salatich’s conclusion does not seem to be based upon any objective findings and Drs. Soboloff and LeNoir are positive that none existed as of the date of their examinations.
This appeal presents exclusively a question of evaluating the testimony of the doctors and that of the plaintiff himself, who was the only other witness. The trial court made an evaluation which is adverse to plaintiff’s demands, and after careful consideration of the record, we have reached the conclusion that the judgment below is correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.